IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PRODUCERS LIVESTOCK CREDIT CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | 8:12CV371 |
| vs. | ) ) | ORDER |
| **VERNON MOODY and ANITA MOODY, d/b/a EAGLE RIDGE LIVESTOCK, INC., and EAGLE RIDGE LIVESTOCK, INC.,** | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| **ARMTECH INSURANCE SERVICES,** | ) ) | |
| Garnishee. | ) | |

This matter is before the court on Producers Livestock Credit Corporation's Motion for Entry of Default (Filing No. 11) against ARMtech Insurance Services (ARMtech), and ARMtech's Motion for Extension of Time to Responsively Plead to Plaintiff's Petition (Filing No. 12) and Objection to Plaintiff's Motion for Entry of Default (Filing No. 13).

### BACKGROUND

On October 19, 2012, ARMtech filed a Notice of Removal based on subject matter jurisdiction. **See** Filing No. 1. In the notice, ARMtech alleges the plaintiff, Producers Livestock Credit Corporation (Producers), filed a petition for judgment against the garnishee, ARMtech, on September 19, 2012, in the District Court of Douglas County, Nebraska. *Id.* Producers served ARMtech on September 21, 2012. *Id.* In the alternative to judgment against ARMtech, Producers' petition seeks a determination of ARMtech's liability to the defendants. *Id.*

The court held a telephone conference with counsel for the parties on December 6, 2012. All parties were represented by counsel. During the conference, the court set a dispositive motion deadline of January 14, 2013.

On December 7, 2012, Producers filed the Motion for Entry of Default.  **See** Filing No. 11.  Producers argues default against ARMtech is appropriate because ARMtech failed to plead or otherwise respond to the petition for judgment.  *Id.*  Producers contends ARMtech's answer to the petition was due, at the latest, on October 26, 2012, which was seven calendar days after filing the notice of removal.  *Id.*

On December 11, 2012, ARMtech filed a motion for extension of time to respond to the petition.  **See** Filing No. 12.  ARMtech acknowledges it failed to timely file an answer or otherwise respond to the petition.  *Id.*  Additionally, ARMtech states counsel requested an extension of time, out of time, to file an answer during the December 6, 2012, telephone conference.  *Id.*  On the same date as the motion for extension, ARMtech filed an objection to Producers' Motion for Entry of Default.  **See** Filing No. 13.  ARMtech contends it has defended itself against Producers by timely responding to interrogatories in conjunction with the state court proceeding.  *Id.*  Moreover, ARMtech, an Approved Federal Crop Insurance Provider, argues it must abide by the Federal Crop Insurance Act, 7 U.S.C. §§ 1501, et seq., which preempts state and local laws and prohibits Producers from taking action against ARMtech to impose any judgments or garnishments.  *Id.*

On December 31, 2012, Producers filed two briefs.  Producers argues ARMtech fails to provide any basis of good cause or excusable neglect for an extension of time to answer out of time.  **See** Filing No. 14 - Response.  Producers also argues ARMtech's "objection" is a nullity for its failure to comply with the local rules' requirements that allow only a brief, rather than an objection, be filed in response to a motion and additional facts or documents supported by foundational affidavits.  **See** Filing No. 15 (**citing** NECivR 7.1).

On January 8, 2013, ARMtech filed a brief in support of its motion for an extension of time.  **See** Filing No. 17.  ARMtech states it has been in contact with counsel for the defendants in an attempt to resolve this matter and obtain a release from the defendants to disclose the defendants' confidential and protected information held by ARMtech to the plaintiff.  *Id.*  ARMtech states it was counsel's understanding the plaintiff would not take additional action against it during this period, although counsel did not have a deadline.  *Id.* ¶ 4.  ARMtech states it is continuing to work toward obtaining the release.  *Id.* ¶ 5.  Finally,

ARMtech's counsel states she does not regularly practice in federal court and inadvertently failed to seek an extension of time to answer prior to the expiration of the deadline. *Id.* ¶ 6.

On January 14, 2013, ARMtech filed a motion to dismiss, arguing the court lacks subject matter jurisdiction and the plaintiff fails to state a claim upon which relief may be granted. **See** Filing No. 18. Also on January 14, 2013, Producers filed a motion for default judgment based on its motion for a clerk's entry of default and based on ARMtech's failure to timely answer garnishment interrogatories under Nebraska law. **See** Filing No. 20.

### ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has <u>failed to plead or otherwise defend</u>, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The Clerk of Court has not yet entered default. Even so, an entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. After all, the judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson*, 140 F.3d at 783; **see also** *C-B Kenworth, Inc. v. General Motors Corp.*, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Essentially, the court must

determine whether good cause exists to set aside default and allow the parties to proceed on the merits.  **See** Fed. R. Civ. P. 6(b), 55(c).

Under the circumstances here, any delay caused by ARMtech's failure to file a timely answer will not affect the progression of this matter.  ARMtech contends its failure to answer was a mere oversight, rather than an intentional act to delay proceedings.  ARMtech is the party who removed the action to this court.   ARMtech has continued to defend this case vigorously by participating in discovery and progressing the matter. ARMtech's counsel participated in a telephone planning conference with the court before Producers filed the motion for entry of default, acknowledged the inadvertent failure to file an answer, and promptly reacted to the motion for entry of default to attempt to rectify the matter.  During the telephone conference, the court granted the parties leave until January 14, 2013, to file dispositive motions.  ARMtech could have reasonably assumed this deadline was an extension of, and would apply to, ARMtech's motion to dismiss, which was filed by the January deadline.  Finally, ARMtech asserts it has an arguably meritorious defense, that is it can proffer argument or evidence which would permit a finding for it on the merits, as indicated by the motion to dismiss.  Pursuant to Federal Rule of Civil Procedure 6(b)(2), the court finds ARMtech has shown failure to answer was excusable neglect and good cause justifies granting leave to file the answer out of time.  Upon consideration,

**IT IS ORDERED**:

1.   Producers Livestock Credit Corporation's Motion for Entry of Default (Filing No. 11) is denied.

2.   ARMtech Insurance Services' Motion for Extension of Time to Responsively Plead to Plaintiff's Petition (Filing No. 12) is granted.  ARMtech's Motion to Dismiss (Filing No. 18) constitutes a responsive pleading.  No additional filing need be made.

3.   ARMtech Insurance Services' Objection to Plaintiff's Motion for Entry of Default (Filing No. 13) is sustained.

DATED this 25th day of January, 2013.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge